UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**OLIVIA WILLIAMS,**

    **Plaintiff,**

v.              Case No: 6:14-cv-1291-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MEMORANDUM OF DECISION

Olivia Williams (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Social Security Disability Insurance benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to apply the correct legal standards to the medical opinion evidence, specifically the opinions of Drs. Sam Ranganathan, David Jager, and Todd Hartley, all of whom performed consultative physical examinations of Claimant. Doc. No. 22 at 18-20.[1] For the reasons that follow, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I. THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is

---

[1] Claimant also argues that the ALJ erred by failing to: follow the Appeals Council's instructions on remand; demonstrate good cause, supported by substantial evidence, for rejecting the opinion of Claimant's treating physician, Dr. Charles Batson; pose a hypothetical question to the vocational expert that adequately reflects all of Claimant's limitations; and provide substantial evidence supporting the ALJ's credibility determination. Doc. No. 22 at 11-16, 20-22, 27-35.

disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity.  At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.  At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience.  If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work.  At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted).  The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II.  STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.

*Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS.

At the center of this dispute is the ALJ's handling of the medical opinion evidence. Doc. No. 22 at 18-20, 26-27; R. 367-69 (Dr. Ranganathan's opinion); 414-417 (Dr. Hartley's opinion); 424-426 (Dr. Jager's opinion). Claimant argues that the ALJ failed to apply the correct legal standard to the opinions of Drs. Ranganathan, Jager, and Hartley because the ALJ failed to state with particularity the weight given to their respective opinions and the reasons therefor. Doc. No. 22 at 18-20. The Commissioner concedes that, while the ALJ discussed Dr. Ranganathan's opinion, the ALJ "did not state the weight he gave [Dr. Ranganathan's opinion]." Doc. No. 22 at 26. With respect to Dr. Ranganathan, the Commissioner maintains that the ALJ's error is harmless because "some of the ALJ's [residual functional capacity assessment] comports with Dr. Ranganathan's examination records." Doc. No. 22 at 26. With respect to the opinions of Drs. Jager and Hartley, the Commissioner states:

> It is clear from the ALJ's decision that he did not afford weight to limitations assessed by any source to the extent [they are] inconsistent with those determined by the ALJ. The ALJ's rationale and its supporting evidence . . . are clear from the decision.

> Thus, any omission by the ALJ to state the weight he gave to each consultative examiner's assessment of record was harmless, and remand would serve no purpose.

Doc. No. 22 at 27. Thus, although the Commissioner argues that the error was harmless, the Commissioner concedes that the ALJ did not state with particularity the weight given and the reasons therefor to the opinions of Drs. Jager and Harley. Doc. No. 22 at 27. For the reasons that follow, the Commissioner's argument is rejected.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability. In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Commissioner of Social Security*, 533 F. App'x. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[2] In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement constitutes an opinion, which requires the the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). *See also McClurkin v. Social Sec. Admin*, -- F. App'x --, 2015 WL 5166045, at *2 (11th Cir. Sept. 4, 2015) (unpublished) (failing to state weight given to non-examining physician's opinion constitutes reversible error). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v.*

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

*Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

Based on the forgoing, and directly contrary to the Commissioner's argument, an ALJ may not ignore or even implicitly reject any medical opinion, but is instead required to state with particularity the weight given to it and the reasons therefor.  *See Winschel*, 631 F.3d at 1179-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Social Sec. Admin.*, -- F. App'x --, 2015 WL 5166045, at *2 (11th Cir. Sept. 4, 2015) (unpublished) (reversible error for ALJ to fail to state weight given to non-examining physician's opinion).   In this case, while the ALJ discusses the opinions of Drs. Ranganathan, Jager, and Harley (R. 533-34), all parties agree that the ALJ failed to state with particularity the weight given to them and the reasons therefor.  *See* Doc. No. 22 at 26-27 (Commissioner conceding that the ALJ failed to state with particularity the weight given to the physician's opinions and the reasons therefor).  Thus, the ALJ failed to apply the correct legal standard to the opinions of Drs. Ranganathan, Jager, and Hartley, which is not harmless and constitutes reversible error.  See *Winschel*, 631 F.3d at 1179; *McClurkin*, 2015 WL 5166045, at *2-3 (11th Cir. Sept. 4, 2015).   Accordingly, the case must be reversed and remanded for further proceedings.[3]

**IV.   CONCLUSION.**

Based on the forgoing, it is **ORDERED** that:

---

[3] The ALJ's error, discussed above, is dispositive of this case.  *See supra* pp. 3-5.  Therefore, it is unnecessary to address Claimant's remaining arguments.  *See supra* n. 1; *See also Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Social Sec. Admin.*, -- F. App'x --, 2015 WL 5166045, at *3 (11th Cir. Sept. 4, 2015) (unpublished) (no need to analyze other issues when case must be reversed due to other dispositive errors).

1. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g);[4] and

2. The Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE and ORDERED** in Orlando, Florida on September 10, 2015.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

The Court Requests the Clerk
Mail or Deliver Copies to:

The Honorable Robert D. Marcinkowski
Office of Disability Adjudication and Review
SSA ODAR Hearing Office
3505 Lake Lynda, Drive
Orlando, FL 32817-9801

---

[4] Claimant argues in wholly conclusory fashion that this case should be reversed for an award of benefits.  Doc. No. 22 at 36.   Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *see Walden*, 672 F.2d at 840 (award of benefits where Claimant has suffered an injustice).  Here, neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt and Claimant has not argued that she has suffered an injustice.   Accordingly, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.